UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| HAYLI COURTOIS<br>　　Plaintiff | CIVIL NO. |
| VS. | |
| CENTRAL CONNECTICUT STATE UNIVERSITY<br>　　Defendant | OCTOBER 7, 2022 |

## COMPLAINT

Plaintiff Hayli Courtois ("Plaintiff") by and through undersigned counsel, files this complaint against Defendant Central Connecticut State University ("CCSU" or "Defendant") for injunctive relief and damages against the Defendant for discrimination on the basis of sex in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 and alleges:

## PARTIES

1. Plaintiff Hayli Courtois ("Plaintiff") is a resident of South Windsor, Connecticut.

2. Defendant Central Connecticut State University ("Defendant") is a public university located in New Britain, Connecticut.

LAW OFFICES
BECK AND ELDERGILL, P.C.
447 CENTER STREET • MANCHESTER, CT 06040 • (860) 646-5606 • JURIS NO. 00270?

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the Plaintiff's claim pursuant to 28 U.S.C. § 1331.

4. Venue is proper within this District pursuant to 28 U.S.C. §§ 1391 because the Defendant is located in Connecticut and the conduct underlying the Plaintiff's claims occurred in Connecticut.

## FACTUAL BACKGROUND

5. On or about October 23, 2020, Plaintiff was a freshman student at CCSU, and a resident of CCSU on-campus housing.

6. At that time and place she was sexually assaulted by Cole Szegda (Szedga"), another CCSU student, in an on-campus dormitory ("Dorm").

7. On or about October 23, 2020, Plaintiff, Szegda, and other students attended a party held in the Dorm.

8. During the party, while Plaintiff was in the Dorm bathroom, Szegda entered the bathroom without Plaintiff's consent and locked the door.

9. Szegda proceeded to use physical force to pin Plaintiff against the wall, pull down her sweat pants and digitally penetrate her, all without her consent and despite Plaintiff's repeatedly pleas that Szedga stop assaulting her.

LAW OFFICES
BECK AND ELDERGILL, P.C.
447 CENTER STREET • MANCHESTER, CT 06040 • (860) 646-5606 • JURIS NO. 002702

10. During the attack, another student called to Plaintiff from outside the bathroom, which caused Szegda to become distracted thereby permitting Plaintiff to free herself and escape the bathroom.

11. Upon information and belief, a companion of Szegda's "stood guard" outside the bathroom door during this attack in order to prevent a third party from interrupting or interfering with the sexual assault. Said companion also slid a condom under the door during the attack.

12. Upon information and belief, the gathering occurred in violation of CCSU's policies, including but not limited to: its COVID-19 policies and/or restrictions; its capacity restrictions and/or social distancing policies; its policies and/or restrictions regarding consumption of alcohol on campus or within dormitories; and/or its policies and/or restrictions regarding parties or social gatherings within dormitories.

13. Upon information and belief, all parties mentioned herein had, at all relevant times hereto, consumed alcohol while in the Dorm or while on CCSU property in violation of CCSU policy.

14. Following the attack, Plaintiff fully cooperated with law enforcement officers who investigated the incident.

LAW OFFICES
BECK AND ELDERGILL, P.C.
447 CENTER STREET • MANCHESTER, CT 06040 • (860) 646-5606 • JURIS NO. 002702

15. Following the attack, CCSU, its employees, representatives and/or agents failed to reasonably inform Plaintiff of Szegda's status at CCSU including his attendance of classes and/or presence of campus.

16. Upon information and belief, Szegda was permitted by CCSU to remain on campus for two weeks following the attack and was permitted to complete his Fall semester at CCSU.

17. Following the attack, Plaintiff requested, but was not permitted to reschedule a math test which had been scheduled for October 24, 2020.

18. At all times relevant to this claim, CCSU and its agents were aware that student-residents were violating or likely to violate CCSU's rules, policies, and/or restrictions related to social gatherings occurring on CCSU property.

19. At all relevant times, CCSU and its agents were aware of a longstanding history of assault, sexual abuse, sexual misconduct and/or sexual assault occurring on its campus and on similarly situated campuses throughout the country.

20. At all relevant times, CCSU and its agents were aware that: female undergraduate students such as Plaintiff are at a high risk of nonconsensual sexual contact and that the commission of such acts frequently occurred during parties or other social gatherings attended by CCSU students; that such parties or gatherings frequently involve

excessive alcohol consumption; that such parties or social gatherings took place in dormitories or other on-campus residential buildings; and that such consumption may lead to incapacity and/or nonconsensual sexual contact.

21. As a result of the sexual assault by Szegda, Plaintiff Hayli Courtois sustained physical, emotional, and psychological injuries including: a small circular laceration and pain on the right, lower inner lip; pain and redness of the neck; pain to the vagina and perineal area; vaginal burning; bloody discharge; dysuria; post-traumatic stress disorder; flashbacks and intrusive thoughts; phobia of being raped or kidnapped; fear of intimacy and relationships, anxiety; and depression.

22. Following the attack, Plaintiff sought treatment for her injuries at the Hospital of Central Connecticut ("Hospital") in New Britain, Connecticut on October 23, 2020.

23. The Hospital performed a "rape kit" examination on Plaintiff and diagnosed tearing of the labia and blunt force trauma to the vagina.

24. As a result of the attack, Plaintiff became so distraught and depressed that she was required to withdraw from multiple courses without receiving a credit and re-take said courses thereby extending the length of her undergraduate program.

LAW OFFICES
BECK AND ELDERGILL, P.C.
447 CENTER STREET • MANCHESTER, CT 06040 • (860) 646-5606 • JURIS NO. 002702

25. As a further result of the attack, Plaintiff became so distraught and depressed that, despite her best efforts, she suffered failing and/or deficient grades for several courses thereby lowering her cumulative grade point average at CCSU.

26. Plaintiff continues to suffer from flashbacks, a phobia of being raped or kidnapped, post-traumatic stress disorder, anxiety, depression, nightmares, and trust issues.

27. Plaintiff continues to receive psychotherapy for her emotional injuries hereinabove listed.

## LEGAL CLAIMS

**CLAIM FOR RELIEF: SEX DISCRIMINATION IN VIOLATION OF TITLE IX OF THE EDUCATIONAL AMENDMENTS OF 1972, 20 U.S.C. § 1681, AGAINST CENTRAL CONNECTICUT STATE UNIVERSITY, AS TO HAYLI COURTOIS.**

28. Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 27 above.

29. Upon information and belief, CCSU receives federal financial assistance.

30. Plaintiff suffered harassment because of her sex that was so severe, pervasive, and objectively offensive that it deprived her of full access to the school's educational opportunities.

31. Despite CCSU's policies designed to protect students from sexual violence and/or physical and psychological harm, CCSU, its employees, representatives and/or agents failed to protect Plaintiff from being sexually assaulted on campus.

32. The harassment and violation of Ms. Courtois occurred in a context that was subject to CCSU's control and where CCSU could have taken remedial action.

33. CCSU had actual knowledge of the harassment experienced by Plaintiff.

34. CCSU's response and/or lack of response to Plaintiff's experience was deliberately indifferent, insofar as the response or lack thereof was clearly unreasonable in light of the known circumstances.

35. As a direct result of CCSU's acts and/or omissions, and despite CCSU's duty to protect against and/or prevent sexual assault on campus, Plaintiff suffered physical, emotional, and psychological injuries.

WHEREFORE, the Plaintiff requests that this Court:

a. Accept jurisdiction over this action;

b. Empanel a jury to fairly hear and decide this action;

c. Award to the Plaintiff an injunction and order requiring that the Defendant revise its policies, procedures, and practices so that it is in compliance with Title IX;

d. Award to the Plaintiff compensatory damages resulting from her pain and suffering resulting from the Defendant's deliberate indifference;

e. Award to the Plaintiff reasonable attorneys' fees and costs expended in litigating this matter; and

f. Award to the Plaintiff such other relief as it deems just and proper.

RESPECTFULLY SUBMITTED,
PLAINTIFF, HAYLI COURTOIS

By: _____
David R. Kritzman
Beck & Eldergill PC
447 Center Street
Manchester, CT 06040
Tel.: (860) 646-5606
Fax: (860) 646-0054
E-mail: dkritzman@beckeldergill.com
COUNSEL FOR THE PLAINTIFF